## JOEL EASTERBROOK *vs.* WILLIAM LOW.

WINDHAM.
*February,*
1829.

The act passed October 28, 1826, to repeal the second section of an act entitled "An Act in addition to the several acts, defining the powers of Justices of the Peace, within this state," passed November 19th, 1824, is a valid law.

When the Governor and Council suspend the passage of a bill until the next session of the Legislature, the same becomes a law on being re-enacted by the Assembly, at said session, without being again sent to the Governor and Council.

This was an action of *trespass on the freehold,* commenced before a justice of the peace. The defendant pleaded title to the *close* mentioned in the plaintiff's declaration, and moved that the cause be removed to the County Court for trial. Whereupon the Justice refused to take jurisdiction of the cause, and certified the records and proceedings to the next County Court, and the action was there entered on the docket of said Court as an original entry, agreeably to the 2d section of an act, passed November 19, 1824. The defendant's counsel then moved that the action be dismissed, because it was removed to the County Court by the mere order of the Justice, without trial or judgment. The Court being of opinion that the action was improperly removed, dismissed it, and rendered judgment that the defendant recover his costs. The plaintiff's counsel then moved that the cause pass to the Supreme Court ; which was ordered accordingly. The question before this Court was whether the County Court erred in dismissing the

WINDHAM,
*February,*
1829.

Easterbrook
*vs.*
Low.

action ; and it involved the validity of an act passed October 28, 1826, repealing the said second section of the act before mentioned, by virtue of which the action was removed from the Justice of the Peace to the County Court.

PADDOCK, J. pronounced the opinion of the Court. In 1824, the Legislature passed an act, the first section of which, gives to Justices of the Peace, jurisdiction of actions of *trespass upon the free hold,* where the damage demanded did not exceed the sum of $20 : also, giving to either party the right of appeal to the next County Court. The second section declared, that if the defendant justified by plea of title, the Justice should not take jurisdiction, but should certify the records and proceedings to the next County Court ; and directed the same trial to be had thereon, as though originally commenced in such County Court ; and the defendant to be held to take a trial on such plea of justification.

In 1825, the House of Representatives passed an act repealing the second section of the aforesaid act of 1824, and sent the same to the Governor and Council for their revision and concurrence, or proposals of amendment. The proposed amendments made by the Governor and Council not being acceded to by the House, it resulted subsequently in the bill's being returned to the House by the Governor and Council, with this endorsement upon it : "In Council Chamber, November 17, 1825, Resolved to suspend the passage of this bill until the next session of the Legislature."

In 1826, the bill remaining amongst the unfinished business of the last session, it was called up and read, and ordered for a third reading, which was subsequently had, and declared to be a law. And the only question to be decided in this case is, whether a bill, having gone through such a process, and promulgated, becomes a law of the state.

In determining this point, we must necessarily refer to the Constitution as the basis upon which rest all our laws, and by which their legitimacy is to be tested.

The *2d. section* of the Constitution declares, that "the supreme legislative power, shall be vested in a House of Representatives of the freemen of the Commonwealth or State of Vermont."

The *3d. section,* that "the supreme executive power, shall be vested in a Governor, or in his absence, a Lieut. Governor, and Council."

The *6th section* declares, "the Legislative, Executive and Judiciary departments shall be kept separate and distinct, so that neither shall exercise the powers, properly belonging to the other."

WINDHAM,
February,
1829.
———
Easterbrook
vs.
Low.

The 9th section, after pointing out how the members of the House of Representatives shall be chosen, and when to assemble, declares, " that they shall be styled The General Assembly of the State of Vermont," and, amongst other things, " that they shall have power to prepare bills, and enact them into laws."

The 15th section directs the style of the laws, in future to be passed, shall be, " It is hereby enacted by the General Assembly of the State of Vermont."

The 16th section commences with that which may be considered a preamble to the residue of the section, which is " To the end that laws before they are enacted may be more maturely considered, and the inconvenience of hasty determinations as much as possible prevented, all bills which originate in the Assembly shall be laid before the Governor and Council, for their revision and concurrence, or proposals of amendment, who shall return the same to the Assembly, with their proposals of amendment, if any, in writing, and if the same are not agreed to by the Assembly, it shall be in the power of the Governor and Council to suspend the passing of such bills until the next session of the Legislature : Provided, that if the Governor, and Council shall neglect or refuse to return any such bill to the Assembly, with written proposals of amendment, within five days, or before the rising of the Legislature, the same shall become a law."

After examining and comparing those parts of the Constitution, it is believed that no person can entertain a doubt that the supreme legislative power of the State is vested in the House of Representatives, and that the exclusive power of preparing bills and enacting them into laws is given to it. We are not permitted to treat the Constitution as we do covenants between individuals—declare one covenant to be controuled by another ; or as contracts, where from the reading of all parts, we declare the intention of the parties. Every portion of the Constitution is a substantive part of the whole and must be understood literally, and not left to the uncertainty of construction, lest it be construed to mean one thing to-day, another,to-morrow,and so on, until the whole,by construing, is frittered away. Therefore, when we read the sixth section, " that the Legislative, Executive, and Judiciary departments shall be kept separate and distinct, so that neither exercise the powers properly belonging to the other," we are bound to say, that the powers of the Governor and Council are as foreign to the law-giving powers of the House of Representatives, as they are distinct from those of the Judiciary.

We are aware, that an opinion has prevailed that the sixteenth section, which declares " all bills which originate in the Assembly

S

<div style="margin-left:margin">WINDHAM,<br>
February,<br>
1829.<br>
<br>
Easterbrook<br>
vs.<br>
Low.</div>

shall be laid before the Governor and Council, &c." implies a power of originating bills other than in the House of Representatives, and that the same can rest no where but with the Governor and Council: For the obvious reason before stated, no authority can be exercised under the Constitution, which is not expressly given by the letter of it ; yet, through courtesy, the House of Representatives may receive and act upon a bill framed and sent down from the Governor and Council ; but before it can be received that they are a co-ordinate branch of the General Assembly of the State, participating with the House in the enacting of laws, the whole of the *second* and part of the *ninth* section of the Constitution must be abrogated.

Should a bill be amended in the House, after its suspension, there can be no doubt that it ought again to be laid before the Governor and Council, and in every respect be treated as a new bill from and after such amendment : but without an amendment, the whole power which the Governor, and Council had over it, was exhausted upon its suspension, and the house left at liberty, at the subsequent session, to dismiss or declare it a law.

With these views of the powers of the House of Representatives, to declare a bill to be a law of the State, which had been once suspended in its passage by the Governor and Council, this Court must affirm the judgment of the County Court.

<div style="text-align:right">Judgment affirmed.</div>

*C. K. Field*, for plaintiff,
*R. M. Field*, for defendant.